IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CURLEY BENNETT, #195-886 | * | |
| Petitioner | * | |
| | * | |
| v. | * | Civil Action No. WMN-06-1403 |
| | * | |
| JON P. GALLEY, Warden, *et al.* | * | |
| Respondents | * | |
| | oOo | |

**MEMORANDUM**

Before the Court is a pro se 28 U.S.C. § 2254 motion filed by state inmate Curley Bennett, challenging his 1988 convictions and sentence in the Circuit Court for Prince George's County for second degree murder, assault with intent to murder, and illegal use of a handgun. The Motion will be dismissed without prejudice.

On February 5, 1997, this Court denied Bennett's previous §2254 motion for habeas corpus relief on its merits. *See Bennett v. Nuth*, Civil Action No. WMN-96-1444; Respondents' Exhibit 4. As such, the instant motion is Bennett's second or successive §2254 habeas challenge to his convictions.[1]

A prisoner may file a second or successive habeas corpus petition only if he has moved the appropriate circuit court for an order authorizing the district court to consider his application. *See* 28 U.S.C. §2244(b)(3)(A). In this case, Bennett neither demonstrates nor does the record show that he has obtained this procedural prerequisite from the United States Court of Appeals

---

[1] Bennett also filed a §2254 motion on January 22, 1996. On January 25, 1996, this Court denied that motion without prejudice for failure to exhaust stated remedies. *See Bennett v. Smith*, Civil Action No. WMN-96-187; Respondents' Exhibit 3.

for the Fourth Circuit.  Accordingly, the Motion must be dismissed for lack of jurisdiction.[2]  *See Evans v. Smith*, 220 F.3d 306, 325 (4th Cir. 2000).[3]  An Order consistent with this Memorandum follows.


/s/
_____

11/20/06
Date

William M. Nickerson
 United States District Judge

---

[2]     The Court directs the Clerk to mail information for obtaining authorization to Petitioner.

[3]     In light of the above, the Court need not consider whether the Motion is timely filed.

2